

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2005

# Franklin Pre v. NY Times Co

Precedential or Non-Precedential: Precedential

Docket No. 04-3404

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Franklin Pre v. NY Times Co" (2005). *2005 Decisions*. Paper 481.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/481

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3404

_____

FRANKLIN PRESCRIPTIONS, INC.,
t/a Franklin Drug Center

v.

NEW YORK TIMES CO.,
SANDRA COBURN, JOHN DOE, JANE DOE

Franklin Prescriptions, Inc.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 01-cv-00145
(Honorable Cynthia M. Rufe)

_____

Argued May 27, 2005

Before:  SCIRICA, *Chief Judge*,
ALITO and GARTH, *Circuit Judges*

(Filed September 12, 2005)

GEORGE A. BOCHETTO, ESQUIRE (ARGUED)
DAVID P. HEIM, ESQUIRE
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, Pennsylvania 19102
        Attorneys for Appellant

CARL A. SOLANO, ESQUIRE (ARGUED)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
        Attorney for Appellees

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Plaintiff/Appellant Franklin Prescriptions challenges the jury instructions in this defamation action under Pennsylvania law.  At issue is whether plaintiff properly objected to the court's jury charge under Federal Rule of Civil Procedure 51,

and whether plaintiff was entitled to an instruction on presumed damages and defamation *per se*. The District Court denied Franklin Prescriptions' motion for a new trial. We will affirm.

## I.

Franklin Prescriptions, Inc., is a small pharmacy in Philadelphia specializing in fertility medications. In 1996, the company began marketing its niche products on the internet via an information-only website. The website allows Franklin Prescriptions' customers to survey available products and pricing, but does not enable the online purchase of prescription drugs. Franklin Prescriptions only accepts drug orders by way of mail, telephone, fax, or in person, and only then with a doctor's prescription.

On October 25, 2000, the New York Times published an article entitled, "A Web Bazaar Turns into a Pharmaceutical Free For All." The article addressed the risks of purchasing fertility drugs on the internet. It described "unscrupulous" and "cloak and dagger" websites that process online orders for controlled drugs without prescriptions. Franklin Prescriptions was not mentioned in the text, but the article contained a graphic insert with an image of the Franklin Prescriptions website that identified Franklin Prescriptions by name. The insert was placed next to a side-bar labeled "Safety Tips for Buying E-Medicines" that warned readers to "[a]void sites that fail or refuse to provide a United States address and phone number." Although Franklin Prescriptions' website did, in fact, list the

company's address and telephone number, the partial image reproduced for the article omitted this information. Significantly, the published image also omitted part of the website that stated in bold-face language: "Must have doctor's prescription from a physician licensed in the United States to purchase Viagra."

Franklin Prescriptions sued for defamation. The District Court denied the New York Times' motion for summary judgment, finding a genuine issue of material fact on whether the newspaper published the article with reckless disregard for its falsity. The case went to trial, and the jury found the article false and defamatory. But it awarded no damages, finding Franklin Prescriptions suffered no actual harm caused by the publication.

Before the jury was charged, Franklin Prescriptions submitted proposed jury instructions on presumed damages and defamation *per se*. Neither proposed instruction was given to the jury. The parties dispute whether Franklin Prescriptions objected to the lack of a presumed damages instruction. Franklin Prescriptions submits that it did so—off the record—at an *in camera* charging conference held in chambers. The New York Times disputes this contention, maintaining that the presumed damages instruction was not discussed at the chambers charging conference. In its Memorandum Opinion and Order, the District Court rejected Franklin Prescriptions' assertion, stating that "the Court terminated the conference before addressing Plaintiff's presumed damages instruction."

4

*Franklin Prescriptions, Inc. v. The New York Times Co.*, 2004 WL 1770296, at \*5 (E.D. Pa. Aug. 5, 2004). Whether or not an objection was raised at the charging conference, it is undisputed that Franklin Prescriptions never entered an on-the-record objection to the lack of a presumed damages instruction.

In denying the motion for a new trial, the District Court held that Franklin Prescriptions failed to object to the lack of a presumed damages instruction under Fed. R. Civ. P. 51(c)(1), which provides that a party objecting to jury instructions "must do so on the record." Additionally, the District Court held that under Pennsylvania law Franklin Prescriptions was not entitled to a jury instruction on presumed damages. *Franklin Prescriptions*, 2004 WL 1770296, at \*7-8.

## II.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. Our standard of review turns on whether Franklin Prescriptions properly objected to the relevant jury charge. Where a party properly objects to a jury instruction under Fed. R. Civ. P. 51, we exercise plenary review to determine whether the instruction misstated the applicable law. *Cooper Distrib. Co., Inc. v. Amana Refrigeration, Inc.*, 180 F.3d 542, 549 (3d Cir. 1999) (citing *Walden v. Georgia-Pac. Corp.,* 126 F.3d 506, 513 (3d Cir. 1997)). Where a party fails to object properly, we may review for "plain error in the instructions affecting substantial rights." Fed. R. Civ. P. 51(d)(2). Under the

5

discretionary plain error standard, we will reverse the trial court only where a plain error was "fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 136 (3d Cir. 1997).

## III.

## A.

The District Court held that Franklin Prescriptions failed to preserve its presumed damages objection under Federal Rule of Civil Procedure 51(c)(1), which provides that a party objecting "to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." Notwithstanding the plain language of Rule 51, Franklin Prescriptions contends it preserved its objection by submitting a formal request for a presumed damages charge and by pressing for that instruction during the *in camera* charging conference.

Merely proposing a jury instruction that differs from the charge given is insufficient to preserve an objection. *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1172 (10th Cir. 2003); *Caruso v. Forslund*, 47 F.3d 27, 31 (2d Cir. 1995); Advisory Committee Note to Fed. R. Civ. P. 51 ("Many cases hold that a proper request for a jury instruction is not alone enough to preserve the right to appeal failure to give the instruction."). As the Advisory Committee Note to Rule 51

6

explains, challenges to the failure to give a proposed jury instruction "must be renewed by objection."

Nor does Franklin Prescriptions' purported charging conference objection preserve the issue. Franklin Prescriptions cites to *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 277-78 (3d Cir. 1998), where a party submitted a proposed jury instruction and later objected to its omission at an *in camera* charging conference. We found the objection preserved under Rule 51 because "the district court was fully apprised of [the party's] position, and it would serve no purpose to require counsel to have formally reasserted the objection after the charge had been given to the jury." *Id.* at 278.

But *Smith* is unavailing here. The premise of *Smith* was that the trial court was "fully apprised" of the party's objection and nevertheless rejected it. Both the parties and the District Court in *Smith* agreed there had been an objection and a definitive ruling on the issue. That is not the case here. Franklin Prescriptions' alleged off-the-record objection is disputed by the New York Times. More importantly, it is flatly contradicted by the District Court, which stated that Franklin Prescriptions' "recollection of the March 18, 2004 conference is inaccurate . . . . the Court terminated the conference before addressing Plaintiff's presumed damages instruction." 2004 WL 1770296, at \*5. Unlike *Smith*, there is no consensus that the District Court was fully apprised of Franklin Prescriptions' objection and no indication of a definitive trial court ruling on the matter. *Cf.* Fed. R. Civ. P. 51(d)(1)(B) (excusing a party's

7

failure to object on the record where "the court made a definitive ruling on the record rejecting the request").

Furthermore, prior to charging the jury, the parties here were provided with a written draft of the court's proposed instructions and explicitly invited to lodge exceptions for the record. The record reveals no objection to the omission of a presumed damages instruction. Franklin Prescriptions entered certain objections to the charge but remained silent on the issue of presumed damages. Nor did Franklin Prescriptions object to the relevant aspects of the special verdict form, which instructed the jury that it could not award damages absent a showing of actual harm. The verdict form, like the proposed instructions, precluded an award of presumed damages. Franklin Prescriptions' failure to object to either the court's instructions or the verdict sheet constitutes a failure to preserve its presumed damages objection. *Neely v. Club Med Mgmt. Servs., Inc.*, 63 F.3d 166, 200 (3d Cir. 1995) (en banc).

But there is a more fundamental reason to reject Franklin Prescriptions' presumed damages challenge—the plain language of Federal Rule of Civil Procedure 51. The foregoing chain of events, and the factual dispute the parties continue to press on appeal, illustrates precisely the rationale behind the 2003 amendment of this rule. The amendment adding Rule 51(c)(1) took effect on December 1, 2003, and applies to pending proceedings "insofar as just and practicable." *See Orders of the Supreme Court of the United States Adopting and Amending Rules*, Fed. R. Civ. P. 23, 51, 53, 54, and 71A (Mar. 17, 2003).

8

The amended rule provides, in clear terms, that parties must object to proposed jury instructions "on the record, stating distinctly the matter objected to and the grounds of the objection." Fed. R. Civ. P. 51(c)(1). The Advisory Committee Note explains that "[s]ubdivision (c) . . . . makes explicit the requirement that the objection be made on the record."

Rule 51(c)(1) works in conjunction with Rule 51(b)(2) and Rule 51(d) to forestall and resolve the very situation presented here—a dispute among the parties regarding off-the-record objections. Rule 51(b)(2) requires the court to "give the parties an opportunity to object on the record and out of the jury's hearing to the proposed instructions." Rule 51(c)(1), in turn, requires that parties avail themselves of the on-the-record opportunity. If a party fails to do so, Rule 51(d)(2) provides that only discretionary "plain error" review may be available. *See* Advisory Committee Note to Fed. R. Civ. P. 51 ("an error not preserved under Rule 51 may be reviewed in exceptional circumstances"). By mandating on-the-record exceptions, and imposing a penalty for failure to enter them, Rule 51 serves the critical purpose of apprising the trial court of possible errors in the charge and affording the court and the parties an opportunity for correction before submission of the case to the jury. *See Fashauer v. N.J. Transit Rail Operations*, 57 F.3d 1269, 1288 (3d Cir. 1995).

The District Court in this case adhered to the Rule 51 framework. The parties were provided with a written draft of the proposed jury charge and expressly invited to enter on-the-

9

record objections before the case went to the jury. Franklin Prescriptions availed itself of this opportunity in certain respects—registering on-the-record objections to several aspects of the charge—but remained silent on the issue of presumed damages. Accordingly, the objection was not properly preserved, and we will consider it under the plain error standard of review. Fed. R. Civ. P. 51(d)(2).

**B.**

Under the plain error standard, we consider, *inter alia*, the "obviousness of the error, the significance of the interest" involved, and "the reputation of judicial proceedings if the error stands uncorrected." *United States v. Richards*, 241 F.3d 335, 342 (3d Cir. 2001); *see also* Advisory Committee Notes to Fed. R. Civ. P. 51(d)(2). Plain error review is discretionary—it "should be exercised sparingly" and "should only be invoked with extreme caution in the civil context." *Fashauer*, 57 F.3d at 1289 (quoting *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir. 1995)). Here, we will affirm because we see neither fundamental error in the omission of a presumed damages instruction nor prejudice resulting in a miscarriage of justice.

"Although replete with First Amendment implications, a defamation suit fundamentally is a state cause of action." *Schiavone Constr. Co. v. Time Inc.*, 847 F.2d 1069, 1082 (3d Cir. 1988) (citations omitted). We apply Pennsylvania defamation law in this diversity matter, with due regard for the underlying First Amendment principles. Where a question of

10

state law is unsettled, we must predict the Pennsylvania Supreme Court's resolution of the issue, giving consideration to applicable decisions of the intermediate appellate state courts. *Travelers Indem. Co. of Ill. v. DiBartolo*, 131 F.3d 343, 348 (3d Cir. 1997).

At issue is whether omission of a presumed damages instruction constituted a fundamental error resulting in a miscarriage of justice under Pennsylvania law. The District Court ruled that Franklin Prescriptions was not entitled to an instruction on "presumed damages" under Pennsylvania law. 2004 WL 1770296, at *7 (post-trial opinion and order). "Presumed damages" allow a defamation plaintiff to recover compensatory damages without proving the defamatory statement caused actual harm. The rationale for this approach is that it may be unfair to require proof of actual harm to reputation because reputational injury is difficult to prove and measure. *See* W. Page Keeton et al., Prosser & Keeton on The Law of Torts § 116A, at 843 (5th ed. 1984). Before *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), presumed damages were available in Pennsylvania without constitutional limitations. *See, e.g.*, *Fox v. Kahn*, 221 A.2d 181, 184 (Pa. 1966). In *Gertz*, however, the Supreme Court held that the First Amendment bars presumed damages absent a showing of "knowledge of falsity or reckless disregard for the truth." 418 U.S. at 349; *see also Dun & Bradstreet v. Greenmoss Builders*, 472 U.S. 749 (1985) (limiting *Gertz* to cases where the

11

challenged speech involves a "matter of public concern") (plurality opinion).

As support for the availability of presumed damages, Franklin Prescriptions cites to a standard form Pennsylvania jury instruction which provides: "[i]f you find that the defendant acted either intentionally or recklessly in publishing the false and defamatory communication you may presume that the plaintiff suffered both injury to his reputation and the emotional distress, mental anguish and humiliation such as would result from such a communication." 2 Pa. Sug. Stan. Civ. J. Inst. § 13.10(B) (2d ed. 2003). In *Frisk v. News Co.*, the Pennsylvania Superior Court upheld the validity of this instruction. 523 A.2d 347, 354 (Pa. Super. Ct. 1986).

But seven years after *Frisk* was decided, the Pennsylvania Superior Court again considered presumed damages in *Walker v. Grand Central Sanitation, Inc.*, 634 A.2d 237 (Pa. Super. Ct. 1993). *Walker* held that "a defendant who publishes a statement which can be considered slander *per se* is liable for the proven, actual harm the publication causes." *Id.* at 244. Under *Walker*, a slander *per se* plaintiff is required to show "general damages"—proof of harm to reputation or personal humiliation—but not "special damages"—proof of actual monetary loss. *Id.* at 243-44 ("the burden is on the plaintiff to establish at least general damages"); *see also Brinich v. Jencka*, 757 A.2d 388, 397 (Pa. Super. Ct. 2000) ("'[A] defendant who publishes a statement which can be considered slander *per se* is liable for the proven, actual harm the

12

publication causes.") (quoting *Walker*). Although *Walker* appears generally to foreclose presumed damages under Pennsylvania law, it is not entirely clear whether presumed damages remain available where the plaintiff proves actual malice.[1]

Even if we assume, favorably to Franklin Prescriptions, that *Walker* allows an award of presumed damages upon a jury finding of actual malice, the jury here made no such finding. Question five of the verdict sheet, to which Franklin Prescriptions never objected, asked the jury to determine the following:

> Did Franklin Prescriptions, Inc. satisfy its burden of proving by a preponderance of the evidence that The New York Times acted intentionally, recklessly or negligently when it published the defamatory implication(s) in the article?

---

[1]*Walker* did not explicitly address the availability of presumed damages in a case of actual malice—although it may signal that presumed damages are unavailable in Pennsylvania whether or not actual malice is proven. *Compare Walker*, 634 A.2d at 243 ("this Court entertains a policy against allowing damages without any proof of actual harm"), *with Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 188 n.2 (3d Cir. 1999) (noting, without citing *Walker*, that plaintiff need not prove actual damages where defendant acted with actual malice).

13

The jury answered "yes" to this question, finding that the New York Times acted "intentionally, recklessly *or* negligently" (emphasis added). But this is not a finding of actual malice.[2] The word "or" leaves open the possibility that the jury's "yes" to question five represented its belief that the New York Times acted negligently. Mere negligence does not rise to the level of actual malice, which requires a showing of knowledge or reckless disregard of the publication's falsity. *See Norton v. Glenn*, 860 A.2d 48, 54 (Pa. 2004) ("actual malice will not be made out on a mere showing that the media defendant was negligent"). Furthermore, the burden of proof on question five was "preponderance of the evidence," not "clear and convincing," which a finding of actual malice requires. *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 511 n.30 (1984).

Question six of the verdict sheet, in turn, instructed the jury to return to the courtroom if it found insufficient evidence of actual harm. Franklin Prescriptions did not object to this question, which asked the jury:

---

[2]In the opening paragraph of its brief, Franklin Prescriptions erroneously suggests that the jury found actual malice. Franklin Prescriptions states the jury found that the New York Times acted "negligently, recklessly, or intentionally (*i.e.*, with actual malice)." This quote is misleading. The words in parenthesis, "*i.e.*, with actual malice," do not appear in the verdict form and do not represent a finding of the jury.

14

Did Franklin Prescriptions, Inc., satisfy its burden of proving by a preponderance of the evidence that Franklin suffered actual harm that was substantially caused by the article?

Answering question six in the negative, the jury found no actual harm and returned to the courtroom without answering the subsequent verdict sheet questions concerning actual malice.

In sum, it appears that Pennsylvania law is unsettled on the availability of presumed damages in this case. *Cf. United States v. Vazquez*, 271 F.3d 93, 100 (3d Cir. 2001) (explaining that error is plain only where the proper course is "clear under current law") (en banc); *Connelly v. Hyundai Motor Co.*, 351 F.3d 535, 546 (1st Cir. 2003) (holding that error cannot be plain where current law is unsettled). In any event, we need not decide this issue. Even assuming Pennsylvania allows presumed damages upon a showing of actual malice, Franklin Prescriptions initially failed to enter an on-the-record objection to the lack of a presumed damages instruction and then acceded to a verdict sheet that compelled the jury to return to the courtroom *before* addressing the issue of actual malice.[3] Because Franklin Prescriptions failed to seek or obtain an antecedent jury finding of actual malice, we see no prejudice

---

[3]We note that the structure of the verdict sheet may well have been to Franklin Prescription's advantage, as it authorized an award of damages on the basis of mere negligence without requiring an antecedent finding of actual malice.

15

rising to the level of plain error.  Furthermore, the District Court noted that "the evidence at trial fell well short of that necessary for a showing of actual malice or reckless disregard."  2004 WL 1770296, at *7.  Accordingly, the District Court's omission of a presumed damages instruction cannot constitute a fundamental error resulting in a miscarriage of justice, if it was error at all.

## IV.

Franklin Prescriptions also contends it was entitled to an instruction on defamation *per se*.  According to Franklin Prescriptions, the District Court's failure to issue a "defamation *per se*" charge mistakenly instructed the jury that proof of specific financial harm was required to support an award of compensatory damages.  Franklin Prescriptions properly objected at trial to the lack of a defamation *per se* instruction.

Defamation or slander *per se* occurs where a publication "imputes to another conduct, characteristics, or a condition that would adversely affect her in her lawful business or trade[.]" *Walker*, 634 A.2d at 241.  A defamation *per se* plaintiff need not prove "special damages," i.e., monetary or out-of-pocket loss. Instead, a plaintiff need only prove "general damages," i.e., "proof that one's reputation was actually affected by the slander, or that she suffered personal humiliation, or both."  *Id.* at 242.

The jury charge, while omitting the term "defamation *per se*," made clear that Franklin Prescriptions was not required to prove financial harm.  The jury charge was explicit that "actual injury can include impairment of reputation," that Franklin

16

Prescriptions should be compensated for "all harm it suffered, " and that the jury could compensate for "the actual harm to the plaintiff's reputation." We see no error. The District Court accurately charged that the jury could award compensation based on harm to reputation alone.

## V.  Conclusion

For the foregoing reasons, we will affirm the denial of the motion for a new trial.