

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# Collins v. Alco Parking Corp

Precedential or Non-Precedential: Precedential

Docket No. 05-2802

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Collins v. Alco Parking Corp" (2006). *2006 Decisions.* Paper 992.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/992

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

NO.  05-2802

————————

JOHN M. COLLINS,
*Appellant*

v.

ALCO PARKING CORPORATION


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cv-1762)
District Court Judge: Hon. Gary L. Lancaster
——————————————

Submitted Under Third Circuit LAR 34.1(a)
March 28, 2006


1

Before: RENDELL, SMITH and BECKER[*], *Circuit Judges*

(Filed: May 22, 2006)

_____

OPINION OF THE COURT

_____


BECKER, *Circuit Judge*

John M. Collins filed suit against Alco Parking Corporation ("Alco"), alleging that the company fired him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The jury returned a verdict in favor of Alco, and the District Court entered final judgment accordingly. Collins now appeals from that order. The appeal raises a number of interesting questions about the application of the doctrine of plain error under this Court's jurisprudence, and we take this opportunity to explicate them. We will affirm.

**I.**

Collins worked for Alco Parking Corporation for nine years, first as a part-time attendant and then as a full-time Lot Manager. This case revolves around an incident in which a customer, John Miller, was overcharged by one of the company's employees. Miller parked two cars in the lot.

*The Honorable Edward R. Becker passed away on May 19, 2006. This decision was transmitted to the Clerk for processing prior to that date.

Although the fixed rate was $20.00 per car, Miller paid $50.00 per car. The next day, he called the company to complain of the overcharge.

At trial, the parties presented dramatically different accounts of what happened next. Alco claimed that Collins confessed to having taken the extra money and that this was the reason for his termination. Four employees testified that they heard Collins' confession.

Collins denied making a confession and presented evidence purporting to prove that he was not and could not have been the employee of whom Miller complained. Specifically, Collins asserted that on the day in question he was working inside the lot, where he directed traffic and kept count of spaces. According to Collins, any customer who obtained parking in the lot would have first encountered two other employees: the "flag man," whose job was to direct customers from the street into the lot; and the "cash man," who sat in the booth, collected fees and let customers through the gate. Under this arrangement, Collins insists, he would only have interacted with a customer, if at all, after the customer had already paid his fees.

Collins identified several additional problems with the company's story. Miller said he was overcharged by a "white/gray haired man wearing a parking jacket," but this description fit the flag man and the cash man as well as Collins. Moreover, Collins alleged, the flag man had been disciplined in the past for soliciting extra money from customers, and the cash man turned in a false report of the payments made on the day in question. Collins, in contrast, had never been the subject of a complaint during his nine years of work; nor had he ever been disciplined for violating company policies. Collins further alleged that Alco knew that he was not

responsible for the overcharge, and that the company fired him anyway because the employee at fault was hard to discipline due to his union membership.

The jury rendered a verdict for Alco, and the District Court entered judgment accordingly. Collins raises two issues on appeal: the District Court's instruction concerning the availability of attorney fees, and the District Court's instruction on pretext.

## II.

Under Federal Rule of Civil Procedure 51(c), "A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." "Where a party properly objects to a jury instruction under Fed. R. Civ. P. 51, we exercise plenary review to determine whether the instruction misstated the applicable law." *Franklin Prescriptions, Inc. v. New York Times Co.*, 424 F.3d 336, 338-39 (3d Cir. 2005) (citations omitted). "Where a party fails to object properly, we may review for 'plain error in the instructions affecting substantial rights.'" *Id.* (quoting Fed. R. Civ. P. 51(d)(2)).

Collins contends that the plain error standard is inapposite because he complied with the requirements of Rule 51(c). We disagree. With respect to the attorney fee instruction, Collins notes that at the charging conference he told the District Court that "[attorney fees are] not something the jury decides on. [They're] done on a fee petition to the Court purely as a legal matter." App. 236:11-15. However, it is far from clear that this observation apprised the District Court that it was not allowed to deliver its proposed instruction. Indeed, Collins prefaced his observation by stating: "I honestly don't know what the law is on [the instruction on attorney fees]. I've never seen

4

it before." Given his own doubt as to the propriety of giving the instruction, Collins' comment can hardly be considered an objection. Moreover, Collins did not cite any authority holding that the instruction was error, did not explain why the instruction might cause him harm, conceded that the instruction contained a correct statement of the law, expressed his uncertainty as to the propriety of the instruction at the wrong time (when the District Court had asked only for objections challenging the correctness of the instructions, not the propriety of giving them), and failed to raise his concern at the right time (when the District Court asked the parties if they thought that the Court should not give any of its proposed instructions). Under these circumstances, we cannot say that Collins registered an objection to the attorney fee instruction, much less that he "stat[ed] distinctly the matter objected to and the grounds of the objection," as required by Rule 51.

As to the pretext instruction, Collins does not cite any portion of the record in which he objected to the District Court's instruction. Collins did offer alternative instructions, but "[m]erely proposing a jury instruction that differs from the charge given is insufficient to preserve an objection." *Franklin Prescriptions, Inc. v. New York Times Co.*, 424 F.3d 336, 339 (3d Cir. 2005) (citations omitted).

Collins invokes *United States v. Russell*, 134 F.3d 171 (3d Cir. 1998), and *Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998), for the proposition that "[a] party complies with Rule 51 by putting the trial judge on notice of the requirements for a proper charge." Collins' Reply Br. at 3. Neither case is availing here. Unlike the appellant in *Russell* (which interpreted an analogous provision of the Federal Rules of Criminal Procedure), Collins did not inform the court that the

5

instructions in question were erroneous. And *Smith* simply affirmed the proposition that "a definitive ruling from the trial court rejecting a requested instruction is sufficient to preserve the issue for appeal." 147 F.3d at 276. Collins does not point to any explicit rejection of his proposed instructions, and mere omission of a requested instruction from the final charge does not constitute a "definitive ruling" excusing the failure the object for purposes of appeal. *Cf.* Fed. R. Civ. P. 51(d)(1)(B) (2003 Amendment to Rule 51, explaining that a party who does not properly object to a court's decision not to give a proposed instruction may only assign that decision as error if "the court made a definitive ruling *on the record* rejecting the request.") (emphasis added). Hence, *Smith* is likewise inapposite.

Both instructions are thus properly reviewed for plain error. "Under the discretionary plain error standard, we will reverse the trial court only where a plain error was fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." *Franklin Prescriptions, Inc. v. New York Times Co.*, 424 F.3d 336, 339 (3d Cir. 2005) (quotations omitted).

### III.

Turning to the merits, Collins first challenges the following instruction on attorney's fees:

> You are instructed that if plaintiff wins on his claim, he may be entitled to an award of attorney fees and costs over and above what you award as damages. It is my duty to decide whether to award attorney fees and costs, and if so, how much. Therefore, attorney fees and costs should play no part in your calculation of any damages.

App. 265: 19-24. Because Collins concedes that the above statement correctly sets forth the law, the only issue is whether the District Court committed plain error affecting substantial rights by giving the instruction at all. Collins contends that the

6

instruction was error because it may have caused the jury to decide the case against him in order to avoid handing him a windfall in the form of attorney fees.

We need not and do not decide now whether a district court commits error by informing a jury about the availability of attorney fees in an ADEA case. Assuming *arguendo* that an error occurred, such error is not plain, for two reasons.

First, "error is plain only where the proper course is 'clear under current law.'" *Franklin Prescriptions*, 424 F.3d at 343 (quoting *United States v. Vazquez*, 271 F.3d 93, 100 (3d Cir. 2001) (en banc)). Collins cites no controlling authority holding that a district court may not inform the jury of the availability of attorney fees. Nor do we think that such a conclusion flows ineluctably from the logic of our prior cases. While this Court has repeatedly affirmed the principle that district courts should protect juries from irrelevant and prejudicial instructions, *see, e.g.*, *Watson v. SEPTA*, 207 F.3d 207 (3d Cir. 2000); *Curnow v. West View Park Co.*, 337 F.2d 241 (3d Cir. 1964), it is not "obvious" or "plain" that an instruction directing the jury *not* to consider attorney fees falls into this category. In fact, it is at least arguable that a jury tasked with computing damages might, absent information that the Court has discretion to award attorney fees at a later stage, seek to compensate a sympathetic plaintiff for the expense of litigation. Of course, in acknowledging this possibility we do not imply that a fee-shifting instruction is proper–only that a well-crafted instruction is not obviously at odds with our prior cases.

Second, we cannot say that the District Court's error, if any, was "fundamental and highly prejudicial." Several considerations support this conclusion. First, the whole point of the District Court's instruction was that the jury should *not* consider attorney fees in rendering a verdict. We see no reason to think that the jury was unable to heed this simple directive. Second, the instruction stated only that Collins *might* be awarded attorney fees. The jury thus had no reason to think that it had to take the drastic step of returning an incorrect verdict as

7

to liability simply to ensure that Collins did not reap this potential gain. Third, the District Court did not unduly emphasize the instruction on attorney fees. The Court's instructions take up 189 lines of text; only six address attorney fees. Moreover, the instruction on attorney fees was delivered at the end of the court's guidance on *how to compute damages*. The jury thus had no cause to think that it should consider the potential for fee shifting in deciding whether the company discriminated against Collins. Fourth, the jury in this case had ample basis for concluding that Collins was not the victim of age discrimination. Four employees testified that they heard Collins confess that he overcharged the complaining customer, and Collins adduced scant evidence of discriminatory intent.

In short, Collins would have us believe that there is some reasonable possibility that the jury, in order to eliminate the chance that Collins might be awarded attorney fees, took the disproportionate step of returning a verdict against him even though it believed he was the victim of age discrimination, notwithstanding the District Court's clear instructions to the contrary. In our view, such a theory is too implausible to support a finding of plain error.

A contrary holding is not required by the two cases on which Collins principally relies. *See Brooks v. Cook*, 938 F.2d 1048 (9th Cir. 1991) (holding that the district court abused its discretion by telling the jury about the right of a prevailing plaintiff to attorney fees under 42 U.S.C. § 1988); *Fisher v. City of Memphis*, 234 F.3d at 318 (6th Cir. 2000) (concluding that the district court did not err in failing to instruct the jury about attorney fees). These cases are distinguishable for two reasons. First, neither case applied the plain error standard of review. Second, neither case involved the kind of instruction at issue here–one that made clear that any determination regarding fee shifting was the responsibility of the court, and that unambiguously directed the jury *not* to consider attorney fees during the course of its deliberations. *See Brooks*, 938 F.2d at 1051 (noting that the trial court advised the jury: "If you ...

8

award a nominal figure as damages, and thus give plaintiff a souvenir judgment, *you are entitling plaintiff*, as the prevailing party in this lawsuit, to ask the Court at a later stage of the proceeding to award him attorney's fees commensurate to the value of his attorney's services in this case.") (emphasis added); *Fisher*, 234 F.3d at 319 (affirming decision not to give instruction on attorney fees).

In sum, the District Court did not commit plain error by informing the jury that Collins might be able to recover attorney fees.

## IV.

Collins next claims that the District Court misstated the law of pretext in four ways: first, by instructing the jury to ignore evidence that Alco's stated reason for firing Collins was false; second, by failing to instruct the jury that it could infer age discrimination from the defendant's allegedly shifting and insincere explanations; third, by instructing on circumstantial evidence that was not part of the record; and fourth, by inadvertently suggesting that the jury should only find the company's explanation pretextual if it was wildly implausible. None of these arguments is persuasive.

First, the District Court did not direct the jury to ignore evidence that Alco's stated reason for firing Collins was false. To the contrary, the District Court correctly stated: "If you find based on the facts that defendant's explanation for firing Mr. Collins is not worthy of belief, then you may, but need not, draw the inference that age discrimination was the true reason that Mr. Collins was fired." App. 261.

Collins complains that this instruction, although correct, was vitiated by the following admonition:

> You are not here to decide whether defendant's decision was a fair one, an unkind one, or a wise one. *Nor are you here to clear up the mystery of who overcharged the customer.* The only question you are to decide is whether plaintiff's age played an actual role in defendant's decision-

> making process to let him go and his age had a determinative influence on that decision.

App. 263 (emphasis added). Collins insists that the underscored part of the above statement steered the jury away from an important prong of his case: that he was not, and could not have been, the employee who overcharged the complaining customer. Such evidence was relevant, he reasons, because it makes no sense to think that he would have confessed to having done something wrong when he was not the one at fault. If the jury believed Collins' evidence, it was thus likely to find that the company's alleged reason for firing him was a lie, from which the jury might reasonably have inferred that the company's real reason for firing him was his age. Hence, Collins concludes, the District Court erred by discouraging the jury from focusing on evidence that Collins was not the one to accept the overcharge.

We do not think that the District Court's failure to connect these dots explicitly rises to the level of plain error. The District Court was technically correct to say that the real issue was not who overcharged the customer, but whether the company fired Collins because of his age. While the Court might have more fully explained the relationship between these two issues, its failure to do so cannot be deemed a "fundamental" and "highly prejudicial" error. This is particularly true because the Court clearly and repeatedly advised the jury of the correct legal standard: "If you find based on the facts that defendant's explanation for firing Mr. Collins is not worthy of belief, then you may, but need not, draw the inference that age discrimination was the true reason that Mr. Collins was fired."

Second, the District Court did not commit plain error by not expressly instructing the jury that it might infer discriminatory motive from the company's allegedly shifting and insincere explanations for why it fired Collins. Notably, Collins' preferred formulation presupposes that the company's explanations were "shifting" and "insincere"; given that these characterizations are not compelled by the record, the District

Court reasonably declined to instruct the jury in such a way as to cast doubt on the truth of the company's defense. Moreover, as noted above, the District Court correctly informed the jury that it might infer that age discrimination was the true reason for firing Collins if it found that defendant's explanation was not worthy of belief. The jury surely did not need the court to tell it that shifting and insincere explanations are incredible.

Third, the District Court did not err by instructing the jury on circumstantial evidence that was not part of the record. Collins complains of the following statement:

> I cannot give you an exhaustive list of the types of circumstantial evidence that tends to indicate unlawful discrimination, but circumstantial evidence of unlawful discrimination often includes evidence such as the following:
>
> Employment decisions that represent a departure from defendant's standard practice, suspect methods of decision-making, proof of a history of discrimination, evidence of a hostile attitude toward older employees, evidence of negative stereotypical attitudes expressed about older employees, and statistical proof.

App. 261.

Collins contends that this instruction was confusing in that it might have caused the jury to conclude that he did not prove discrimination simply because he did not submit the types of evidence to which the District Court referred. We disagree. The District Court expressly stated that its examples were illustrative rather than exhaustive. Moreover, Collins arguably submitted at least two of the types of evidence to which the District Court referred: evidence of a hostile attitude toward older employees, and evidence of negative stereotypical attitudes expressed about older employees. *See* Collins' Br. at 12 (citing evidence that the company official who fired Collins

11

thought of him as "'old Jack,' an 'unmotivated' man who should 'retire and go on Social Security' because ... he 'didn't have the will to work hard.'"). It is thus wrong to say that the District Court's discussion of circumstantial evidence was wholly irrelevant to Collins' case.[**]

Finally, the District Court did not create the impression that the company's explanation for firing Collins should be deemed worthy of belief unless it was patently absurd or manifestly false. Illustrating its point that the role of the jury was to decide whether the company's explanation was worthy of belief–and not whether the company was right–the District Court stated:

> I'll give you an admittedly broad example of this distinction. Suppose one of you came back from lunch late today and you told me that the reason you were late was that you misheard me when I said be back at 1:20 and thought I said be

[**] Collins' heavy reliance on *Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998), is misplaced. As Collins observes, *Smith* expressed the view that "[t]he trial court must ensure that the jury be given full and complete instructions by relating the law to the relevant evidence in the case," *id.* at 279, and that "the jury must be given the legal context in which it is to find and apply the facts," *id.* at 280. But *Smith* did not hold that a district court commits reversible error whenever an instruction is not perfectly tailored to the evidence introduced at trial. Instead, the *Smith* Court offered the above statements to explain its holding that the district court erred in refusing to instruct the jury that it was permitted to infer discrimination if it found that the defendant's explanation for its adverse employment action was pretextual. *See id.* at 281. It is undisputed that the District Court in our case so advised the jury. No more was needed to satisfy the rule set forth in *Smith*.

back at 2:20. You would be wrong. I said 1:20, not 2:20, but your explanation that you misunderstood me would not necessarily be unworthy of belief. I could believe you that you misunderstood me, even though you were wrong.

On the other hand, if you told me that you were late because a flash flood hit Grant Street and you were prevented from getting back to the courthouse by flood waters. Given the fact that it wasn't raining at lunchtime and the other jurors, they all made it back to the courthouse, and Grant Street is on high ground, your explanation would be so weak, implausible, and inconsistent that it would be unworthy of belief.

Of course, the circumstances surrounding Mr. Collins' firing are not that clear-cut. That is why we need you to decide based on the instructions that I have given you and all the facts whether or not defendant's explanation is worthy of belief.

App. 262-263.

We reject Collins' claim that this instruction constitutes reversible error. The District Court did not say that the company's story could only be deemed unworthy of belief if it was as preposterous as the hypothetical juror's flash flood excuse. Instead, the Court prefaced its analogy by noting that it was giving an "admittedly broad example," and it concluded by observing that "the circumstances surrounding Mr. Collins' firing are not that clear-cut." Most importantly, the Court correctly stated the law governing pretext: that the jury could but did not have to draw an inference of discrimination if it concluded that the employer's explanation for firing Collins was not credible.

In sum, Collins fails to show that the District Court committed reversible error by erroneously and/or incompletely instructing the jury on pretext.

13

**V.**

For the reasons stated above, we will affirm the judgment entered by the District Court.