

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2006

# Gibson v. Paterson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1343

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gibson v. Paterson" (2006). *2006 Decisions.* Paper 448.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/448

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1343
_____

KATHLEEN GIBSON,

Appellant

v.

CITY OF PATERSON; MARTIN G. BARNES,
Mayor of the City of Paterson and Martin G. Barnes, Individually;
ALCOHOLIC BEVERAGE CONTROL BOARD of the City of Paterson;
BOB GRANT, Public Information Coordinator of the
City of Paterson and Bob Grant, Individually;
ANTHONY ZAMBRANO, Acting Finance Director of the
City of Paterson and Anthony Zambrano Individually;
JOHN GIVENS; MIGUEL DIAZ; JAMES WATKINS, as Commissioners
of The Alcoholic Beverage Control Board; MADELINE RAMIREZ
_____

No. 05-1522
_____

KATHLEEN GIBSON

v.

CITY OF PATERSON; MARTIN G. BARNES,
Mayor of the City of Paterson and Martin G. Barnes, Individually;
ALCOHOLIC BEVERAGE CONTROL BOARD of the City of Paterson;
BOB GRANT, Public Information Coordinator of the
City of Paterson and Bob Grant, Individually;
ANTHONY ZAMBRANO, Acting Finance Director of the
City of Paterson and Anthony Zambrano Individually;

JOHN GIVENS; MIGUEL DIAZ; JAMES WATKINS, as Commissioners
of The Alcoholic Beverage Control Board; MADELINE RAMIREZ,

Appellants

_____

No. 05-2148

_____

KATHLEEN GIBSON,

Appellant

v.

CITY OF PATERSON; MARTIN G. BARNES,
Mayor of the City of Paterson and Martin G. Barnes, Individually;
ALCOHOLIC BEVERAGE CONTROL BOARD of the City of Paterson;
BOB GRANT, Public Information Coordinator of the
City of Paterson and Bob Grant, Individually;
ANTHONY ZAMBRANO, Acting Finance Director of the
City of Paterson and Anthony Zambrano Individually;
JOHN GIVENS, MIGUEL DIAZ,
JAMES WATKINS, as Commissioners
of The Alcoholic Beverage Control Board;
JOHN GIVENS; MIGUEL DIAZ;
JAMES WATKINS; MADELINE RAMIREZ

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 99-cv-01029)
District Judge:  Honorable Faith S. Hochberg

_____

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2006

2

Before:  FUENTES, FISHER and McKAY,[*] *Circuit Judges.*

(Filed:  September 18, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge.*

We write only for the parties and thus will forgo lengthy recitation of the factual and legal background to this case.  Kathleen Gibson brought suit against the city of Paterson and several of its officials under 42 U.S.C. § 1983.  After a jury trial, judgment was entered for Gibson.  Gibson now appeals the entry of judgment and the award of attorney's fees.  The defendants cross-appeal.

I.

Kathleen Gibson was employed as a tax collector and served as Secretary to the Alcohol Beverage Control Board for the City of Paterson.  In 1996 she disclosed to the public that Martin Barnes failed to pay his property taxes.  After Barnes became Mayor in 1997, the City filed a disciplinary action against Gibson with the Office of Administrative Law asking to have Gibson removed from her position as tax collector.  Gibson claimed that the proceedings were brought in retaliation for her disclosures about Barnes.  The Administrative Law Judge found that Gibson had not engaged in any dishonest practices

_____

[*]The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth Circuit, sitting by designation.

or acted in an inexcusably negligent manner.  She retained her job and all reprimands were removed from her employment file.

In March of 1999, Gibson was removed from her position as Secretary of the Alcohol Beverage Control Board.  Gibson argued that her removal was in further retaliation for her disclosures about Barnes.

Following her removal from the Alcohol Beverage Control Board, Gibson initiated a § 1983 action against the City of Paterson, Barnes as its Mayor and individually, and a number of other individuals involved with the Alcohol Beverage Control Board.  Following a five-day jury trial, the District Court submitted a special verdict form to the jury.  The jury returned a verdict in favor of Gibson.  The District Court entered judgment against the defendants individually and granted Gibson's motion for attorney's fees in part.  Gibson now appeals.

## II.

Gibson first contends that the District Court erred by refusing to impose joint and several liability against the City of Paterson.  Following testimony at trial, the District Court issued jury instructions and a special verdict form.  The instructions informed the jury that it could find the City of Paterson liable if Gibson's rights were violated pursuant to the enforcement of a city policy.  The instructions further stated that if the jury found that Barnes, acting as Mayor, deprived Gibson of her constitutional rights, it could also hold the City of Paterson liable.  The special verdict form allowed the jury to allocate damages between the City and each individual defendant.

4

The jury returned the verdict form, allocating damages to the City and each defendant. Prior to the Court's entry of judgment, Gibson moved to have the entire judgment entered against the City of Paterson based on a theory of joint and several liability. The Court denied the request, stating that by not objecting to the verdict sheet, which did not include a theory of joint and several liability, Gibson waived her right to a determination on that issue.

When a court submits a special verdict form to the jury, if it omits "any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury." Fed. R. Civ. Pro. 49(a). If no demand is made, the court *may* make the finding itself, or the judgment shall be made in accord with the judgment on the special verdict. *Id.*

Gibson does not contend that she objected to the special verdict form. By failing to object, Gibson waived her right to a jury determination of joint and several liability. Therefore, while the Court *could* have made a ruling on the issue of joint and several liability, it did not act outside of its discretion when it simply entered judgment in accord with the special verdict. *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 94 (3d Cir. 1993) ("A review of the jury instructions demonstrates that the punitive damages issue was submitted and the verdict rendered on an individual basis against various defendants, and we find no basis for the contention that a case should not be tried in this manner.")

5

III.

Gibson next appeals the District Court's partial denial of her motion for attorney's fees. The District Court awarded Gibson attorney's fees for her attorney's work on the § 1983 action, but denied attorney's fees for the time her attorney spent preparing for and defending Gibson in front of the Administrative Law Judge.

Section 1988(b) of Title 42 allows for recovery of attorney's fees by a successful § 1983 party. It provides: "In any action or proceeding to enforce a provision of . . . this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." We review a district court's decision to grant attorney's fees for abuse of discretion. *Goodman v. Penn. Tpk. Comm'n*, 293 F.3d 655, 676 (3d Cir. 2002).

Recovery for reasonable attorney's fees does not include time spent on such administrative hearings when they constitute an element of the harm for which suit is brought. "Section 1988(b) which governs fee and cost awards for § 1983 claims, allows such awards to the party who prevails on the merits of the *federal claim*." *Lui v. Comm'n on Adult Entm't Establishments*, 369 F.3d 319, 327-28 (3d Cir. 2004). The proceedings in front of the Administrative Law Judge were underlying state proceedings that do not entitle Gibson to "seek fees and costs in federal court." *Id.* at 328.

IV.

Gibson's final contention – that the jury verdict should have been molded to compensate for negative tax consequences – is without merit. Gibson claims that because

6

the award of $700,000 will place her in a higher tax bracket than her $60,000 salary alone, the judgment should be increased to compensate her for the additional $190,000 in taxes that she will have to pay. The very few cases discussing this issue have found such treatment appropriate only when damages are for back-pay, resulting in disparate tax treatment between those wages, had they been paid when owed, and their payment as a lump sum. *See Skretvedt v. E.I. Dupont De NeMours*, 372 F.3d 193, 204 n.15 (3d Cir. 2004) *Gelof v. Papineau*, 829 F.2d 452, 456 (3d Cir. 1987). This is not such a case. Gibson's damages were for not back-pay, but rather were awarded based solely on emotional pain and mental anguish.

V.

The defendants' cross-appeals are equally without merit. They claim that the District Court improperly submitted a jury instruction on whether Gibson had a property interest in her position as secretary of the Alcohol Beverage Control Board. "A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." Fed. R. Civ. Pro. 51(c). The defendants did not object to the jury instruction on the record; therefore we review for plain error and will "reverse the trial court only where a plain error was fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." *Collins v. Alco Parking Corp.*, 448 F.3d 652, 656 (3d Cir. 2006) (quoting *Franklin Prescriptions, Inc. v. New York Times, Co.*, 424 F.3d 336, 399 (3d Cir. 2005)).

7

There is no evidence of such fundamental prejudice or a serious miscarriage of justice here. We find no plain error.

The defendants also claim that the jury verdict is inconsistent and, therefore, a new trial should be granted. The written jury verdict bearing the signatures of the jury found that one of the defendants, Miguel Diaz, was not protected by immunity and assessed damages against him in the amount of $25,000. At the time the verdict was read in court, the jury foreperson answered "yes" to the following question: "That Defendant Miguel Diaz reasonably believed that he was not violating the Plaintiff's right to challenge the tax collector removal proceedings when Plaintiff was removed as secretary to the Alcohol Beverage Control Board." An affirmative answer would have resulted in immunity. However, the answer on the verdict form said no, and damages were assessed against Diaz. The jury foreperson's misstatement regarding the verdict does not invalidate the written verdict form. The District Court acted within its power when shaping judgment based on the jury's special verdict. *See McLaughlin v. Fellows Gear Shaper Co.*, 786 F.2d 592, 596 (3d Cir. 1986) (quoting *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 369 (1962)). We find no error.

The defendants' final preserved claim is that the District Court abandoned its proper judicial role and assumed that of an advocate when it questioned a witness. We have held that a trial judge may question a witness, so long as she does not excessively intervene, thereby abandoning her judicial role. *United States v. Wilensky*, 757 F.2d 594, 597 (3d Cir. 1985). The District Court in this case asked the city attorney five questions

8

regarding a city statute. This kind of questioning does not rise to the level of adopting the role of an advocate. *Id.*

The defendants' remaining claim was not preserved for appeal. The defendants claim that the District Court improperly excluded evidence regarding Gibson's prior job performance. Under Federal Rule of Evidence 103(a)(2), a party who objects to the exclusion of evidence must do so on the record and indicate what the excluded evidence would have shown. The defendants admit in their brief that no such objection or showing was made on the record.

Accordingly, we will affirm the judgment of the District Court.