Edwin S. BELL, Appellant

v.

CITY OF PHILADELPHIA; Lynne Abraham, in her Official as the Philadelphia District Attorney; Arnold H. Gordon, First Assistant District Attorney, in his Official and Individual Capacities; Albert J. Toczydlowki, Deputy District Attorney, in his Official and Individual Capacities; Lee Kaplan, Assistant District Attorney, in his Official and Individual Capacities; Rachel Kimmich, Human Resources Director, in her Official and Individual Capacities.

No. 06–3960.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 7, 2007.

Filed: April 23, 2008.

Dena B. Calo, Nancy C. Demis, Galla-
gher, Schoenfeld, Surkin, Chupein & Dem-
is, Media, PA, for Appellant.

Craig R. Gottlieb, City of Philadelphia
Law Department, Philadelphia, PA, Karen
A. Brancheau Jordan, Office of District
Attorney, Philadelphia, PA, for Appellees.

Before: McKEE, CHAGARES, and
HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

Plaintiff Edwin Bell appeals from the Magistrate Judge's grant of summary judgment on his First Amendment retaliation claims, and from the adverse jury verdict entered on his claims under Title VII of the Civil Rights Act of 1964 (Title VII) and the Pennsylvania Human Relations Act (PHRA).[1] As Bell's appeal is without merit, we will affirm both judgments entered by the Magistrate Judge.

### I.

As we write mainly for the parties, we only briefly recite the facts. Edwin Bell is an African–American male who worked for the Philadelphia District Attorney's Office (DA's Office) for nine years. After a history of workplace incidents that resulted in his discipline and eventual termination, Bell brought suit against the City of Philadelphia and various supervisory individuals at the DA's Office. Bell alleged claims of gender discrimination, race discrimination, and retaliation under Title VII, the PHRA, and 42 U.S.C. § 1983.[2] He also claimed that the defendants "retaliat[ed] against him for exercising his rights of Free Speech and Free Association," (Compl.¶ 62), and attempted to add a right to petition-based component to this claim in response to defendants' motion for summary judgment. Bell assigns error to the following five actions taken by the Magistrate Judge: (1) granting summary judgment as to his First Amendment claims;

(2) improperly instructing the jury on the scope of impermissible retaliatory conduct; (3) failing to provide jury instructions regarding defendants' respondeat superior liability; (4) denying his motion to compel the deposition of District Attorney Lynne Abraham; and (5) denying his motion to compel discovery.

### II.

■ To begin with, the Magistrate Judge properly granted summary judgment to the defendants on all three of Bell's First Amendment retaliation claims. First, Bell's free speech retaliation claim fails as the speech he claims was protected was not a "matter of public concern." *See Sanguigni v. Pittsburgh Bd. of Pub. Educ.,* 968 F.2d 393, 399 (3d Cir.1992).[3] Bell's complaints—which sought not to expose discriminatory or harassing practices or policies at the DA's Office, but complained solely about his own "abuse" and mistreatment by superiors and co-workers—were not a matter of public concern, especially given that they arose only after Bell's discipline for his own workplace infractions and amid clear evidence of his insubordination. *See Connick v. Myers,* 461 U.S. 138, 147–48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) ("[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review

---

1. The parties consented to having the case tried by Magistrate Judge Jacob P. Hart.

2. Bell, however, does not appeal his 42 U.S.C. § 1983 claim, nor does he challenge the gender or race discrimination components of his PHRA and Title VII claims.

3. We follow a three-part test in evaluating claims that one's freedom of speech has brought about retaliation. *See McGreevy v.*

*Stroup,* 413 F.3d 359, 364 (3d Cir.2005). Under this test, Bell was required to show: (1) that his speech addressed a matter of public concern; (2) that his interest in the speech outweighs the state's countervailing interest as an employer in promoting workplace efficiency and avoiding workplace disruption; and (3) that the protected activity was a substantial or motivating factor in the alleged retaliatory action. *Id.*

the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.").

Bell's freedom of association claim—that he was retaliated against after telling his supervisors that he had associated with counsel—however, is less straightforward. *See Sanguigni*, 968 F.2d at 400 (noting that the circuits are split as to whether the public concern requirement applies to freedom of association claims). Regardless, just as in *Sanguigni*, as Bell's associational claim is barely an extension of his free speech claim, we have no problem applying the public concern requirement in this context. *See id.* ("We hold only that *Connick* governs Sanguigni's freedom of association claim because that claim is based on speech that does not implicate associational rights to any significantly greater degree than the employee speech at issue in *Connick*."); *see also Dible v. City of Chandler*, 502 F.3d 1040, 1050 (9th Cir.2007) (explaining that a government employee cannot "resurrect fallen speech claims as privacy and associational claims"). Moreover, even if the public concern standard did not apply, Bell has necessarily failed to show that his associational activity was a substantial or motivating factor in the adverse employment decisions he alleges. The jury found specifically that Bell's protected activity was not a motivating factor in the discipline he received. Appendix (App.) 2966. Thus, even if the Magistrate Judge erred in preventing this issue from going to trial, "it would be futile to remand the [ ] claim to allow a fact-finder to make the same decision twice" and thus any error would be harmless. *Caver v. City of Trenton*, 420 F.3d 243, 265 (3d Cir.2005); *see Hopp v. City of Pittsburgh*, 194 F.3d 434, 442 (3d Cir.1999).

Moving then to the right to petition component of Bell's First Amendment retaliation claim, he maintains that he was retaliated against for pursuing his harassment claims. The defendants, however, correctly note that while Bell's complaint mentioned his speech and association claims, it neglected to mention any claim based on his right to petition. Only in response to defendants' motion for summary judgment did Bell first raise this claim. A plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chi.*, 82 F.3d 776, 781 (7th Cir.1996); *see Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir.2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R.Civ.P. 15(a)."). Moreover, as noted above, even if we were to address the merits of this claim, as the jury already decided that Bell's protected activity was not a motivating factor in the employment decisions he alleged, any error on this issue would be harmless as well. Accordingly, we will affirm the Magistrate Judge's ruling.

### III.

Bell also contests the jury instruction on the retaliation claims that went to trial. According to Bell, the Magistrate Judge gave an impermissibly narrow instruction on what constitutes retaliatory activity and failed to have the jury consider whether "a reasonable person in plaintiff's shoes" would believe that the employer took materially adverse actions directed at Bell.

As a preliminary matter, Bell failed to present this argument at trial, and thus, we review the jury instructions for plain error. *See Collins v. Alco Parking Corp.*, 448 F.3d 652, 655 (3d Cir.2006). While Bell correctly notes that Title VII's anti-retaliation provision protects more than just the terms and conditions of em-

ployment, he fails to acknowledge that only materially adverse conduct may serve as the predicate for a retaliation claim. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006). Yet Bell's claims—aside from those involving discipline or termination—fail to meet this threshold. For example, Bell contends that his own complaints of discrimination were not investigated: "[y]et, he, himself told [the Human Resources Manager] that he did not want to file any type of complaint and would handle it himself." (Mem. and Order in Resp. to Pl.'s Mot. for a New Trial 10, August 1, 2006). Indeed, "[p]laintiff's own arguments focused almost entirely on the discipline he received allegedly in response to engaging in protected activity." *Id.* at 8. It is well-established that instructions must be predicated on the evidence presented at trial. *See Smith v. Ellerman Lines, Ltd.*, 247 F.2d 761, 766 (3d Cir.1957) (*citing Decker v. Korth*, 219 F.2d 732, 738 (10th Cir.1955)). As the evidence in this case that was sufficient to serve as a basis for a Title VII retaliation claim concerned Bell's discipline and termination, the Magistrate Judge did not plainly err in charging the jury consistent with the evidence presented. So too, the Magistrate Judge properly recognized that the "reasonable employee" standard is an objective standard and instructed the jury accordingly. We will affirm the Magistrate Judge on this issue as well.

### IV.

Bell's next main contention is that the Magistrate Judge erred in declining Bell's proposed respondeat superior charge. The decision whether a litigant has produced sufficient evidence to warrant a requested instruction is reviewed for abuse of discretion. *Tormenia v. First Investors Realty Co., Inc.*, 251 F.3d 128, 136 (3d Cir.2000). As Bell failed to develop sufficient evidence that the people who influenced or participated in the decision to terminate him exhibited discriminatory animus, the Magistrate Judge did not abuse his discretion. *Cf. Abramson v. William Paterson College of New Jersey*, 260 F.3d 265 (3d Cir.2001) (holding that plaintiff produced sufficient evidence to preclude summary judgment where her supervisors' continued discriminatory comments demonstrated ongoing antagonism).

### V.

Bell's final claim is that the Magistrate Judge erred by denying him access to critical documents and depositions that would have assisted in the development and proof of his retaliation case. To overturn the Magistrate Judge's discovery rulings, we must conclude that they "interfere[d] with a substantial right [of the plaintiff]" or "[constituted] a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Marroquin–Manriquez v. Immigration & Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). As the Magistrate Judge properly weighed the defendants' privacy concerns against Bell's broad requests for confidential employee information, his decision neither interfered with a substantial right of Bell's nor resulted in fundamental unfairness.

### VI.

For the foregoing reasons, we will affirm the decisions of the Magistrate Judge.