

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2006

# Fendrick v. PPL Ser Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1887

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Fendrick v. PPL Ser Corp" (2006). *2006 Decisions.* Paper 700.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/700

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1887
_____

JOHN FENDRICK,
                              Appellant

v.

PPL SERVICES CORP.,
trading as PPL


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 02-1856)

District Judge: The Honorable Richard A. Caputo
_____

Submitted under Third Circuit LAR 34.1(a) – March 28, 2006
_____

Before: MCKEE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>.
and POLLAK,[*] <u>District</u> <u>Judge</u>.

(Filed: July 25, 2006)


_____

OPINION

_____

   [*] Honorable Louis H. Pollak, District Judge for the United States District Court of the
Eastern District of Pennsylvania, sitting by designation.

1

POLLAK, <u>District</u> <u>Judge</u>:

Appellant John Fendrick appeals from an adverse jury trial verdict in his disability

discrimination case against appellee PPL Services Corp. ("PPL").

Because we write primarily for the parties, who are presumably familiar with the

facts and procedural history of the case, we will summarize the facts and history of the

case only briefly. Fendrick suffers from Obsessive Compulsive Disorder (OCD), and,

while employed by PPL, he experienced an OCD "episode." Fendrick visited a doctor,

who recommended restrictions on Fendrick's work conditions, including frequent breaks

and no changes in work assignments. PPL determined that it was unable to accommodate

the proposed restrictions, and it therefore did not allow Fendrick to return to work. Five

months after the episode, Fendrick's health having improved, Fendrick's doctor

recommended less stringent restrictions on Fendrick's work conditions, and PPL allowed

Fendrick to return to work. During his five-month absence, Fendrick continued to receive

his salary by using accumulated sick leave.

Fendrick brought suit against PPL, asserting causes of action under the Americans

with Disabilities Act ("ADA")[1], the Pennsylvania Human Relations Act ("PHRA")[2], and

the Family and Medical Leave Act ("FMLA")[3]. Fendrick claimed PPL's delay in

---

[1] 42 U.S.C. §§ 12101, *et seq.*

[2] 43 P.S. §§ 955, *et seq.*

[3] 29 U.S.C. §§ 2601, *et seq.*

allowing him to return to work constituted unlawful discrimination and retaliation within the meaning of the above legislation. The case went to trial, and the jury rendered a verdict in favor of PPL. Fendrick appeals the adverse judgment and contends that the District Court committed reversible error by: 1) striking for cause a hearing-impaired juror rather than accommodating her disability; 2) striking for cause a juror who had been a teacher of Fendrick's counsel's legal assistant; 3) instructing the jury that Fendrick, in establishing his retaliation claim, was required to show as one of the elements of that claim that he was qualified for his job; and 4) instructing the jury that good faith is a valid defense to a failure-to-accommodate claim.

We exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's decision to exclude a potential juror for cause. *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 153 (3d Cir. 1995). We review jury instructions *de novo* if a timely objection in the district court preserved the issue for appeal, but we review only for plain error in the absence of a timely objection. *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 135 (3d Cir. 1997).

Fendrick's first assignment of error on appeal is that the District Court, in the course of *voir dire*, abused its discretion by striking for cause a hearing-impaired potential juror. Fendrick claims that the District Court made no attempt to accommodate the juror's disability and urges that, particularly in a disability discrimination case, it is fundamentally unfair to exclude a juror because of that juror's disability. We begin by

3

noting that 28 U.S.C. § 1865(b)(4) authorizes a district judge to exclude a juror who "is incapable, by reason of mental or physical infirmity, to render satisfactory jury service." Thus, it is proper for a district court to exclude a juror on account of the juror's disability under certain circumstances – that is, when the disability is of a sort that renders the juror unable to perform satisfactory jury service. Moreover, we discern no abuse of discretion in the District Court's application of the statute in this case. Fendrick's assertion that the District Judge made no attempt to accommodate the juror's disability is refuted by the record, which shows that the District Judge evaluated the extent of the juror's impairment and made reasonable efforts to accommodate her. During *voir dire*, the juror in question stated that she had always wanted to serve on a jury but that she had a ringing in her ears and could not hear people when they turned around or lowered their voices. The District Judge asked the juror if moving her to the front row would enable her to hear the proceedings, to which she responded in the negative. The juror had to ask the District Judge to repeat himself during *voir dire* because, despite the fact that the District Judge was only three or four feet away, she had difficulty hearing him. The juror also stated that she had never used a hearing aid, characterizing herself as "stubborn about it." The District Court heard argument from counsel, during which the possibility of a hearing aid or amplification system was discussed. However, the juror had expressed unwillingness to use a hearing aid, and it became apparent that the courthouse's amplification system would be of limited usefulness. Given these circumstances, we find no abuse of

4

discretion in the District Court's decision to exclude this juror.

Fendrick next contends that the District Court abused its discretion by striking for cause a juror who, as a professor, had once taught Fendrick's counsel's legal assistant. Fendrick argues that mere acquaintance between a juror and a member of a litigant's legal team does not justify dismissal of the juror for cause. We agree. *See United States v. Calabrese*, 942 F.2d 218, 223-24 (3d Cir. 1991). However, the District Court did not dismiss the professor merely because he was acquainted with counsel's legal assistant. In addition to the professor's prior relationship to the legal assistant, the professor disclosed during *voir dire* that he believed an employer had discriminated against him in the past and that his wife had once been precluded from employment for a time because of a disability; as a result of these experiences, the professor expressed some uncertainty as to his ability to consider the case without bias[4]. The District Court determined that, given the professor's acquaintance with Fendrick's counsel's legal assistant *and* his admitted potential for bias based on his own experiences, it was prudent to exclude the professor

---

[4] The following is the relevant excerpt from the record:

THE COURT: Do you feel that either of the experiences that you had, yours and hers, prevents you from being fair and impartial in this case?

THE JUROR: That is the kind of question I'm afraid – I'm a cognitive psychologist, so I understand whatever I say is wrong. Yeah, I recognize the kind of bias that everybody does have and I think I probably would be better off hearing people say that they can overcome them they don't understand that those problems actually do exist I do research related to cognition and false memory and things like that. I guess I realize those problems might be in a better position to keep myself from overcoming those biases, but then again some of the literature says you can't do that, so I don't know how to answer that question.

5

from the jury in this case. Fendrick offers no argument that undermines that decision, and we discern no abuse of the District Court's discretion[5].

Fendrick further contends that the District Court erred by instructing the jury as follows: "To recover against PPL for retaliation, Mr. Fendrick has the burden of proving all of the elements as follows: That he was qualified to perform the job, that he was subjected to an adverse employment action at that time or after the protected conduct took place[,] [a]nd that PPL took adverse employment action because he engaged in the protected conduct." Fendrick argues, and we agree, that an ADA plaintiff need not establish that he was qualified to perform his job in order to recover on a retaliation claim. *See Krouse v. American Sterilizer Co.*, 126 F.3d 494, 502 (3d Cir. 1997). However, Fendrick failed to object to the District Court's instruction, and we therefore review it only for plain error. Under the plain error standard, we will reverse the trial court only where an error was "fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 136 (3d Cir. 1997). Our cases instruct that "[p]lain error review is discretionary – it 'should be exercised sparingly' and 'should only be invoked with extreme caution in the civil context.'" *Franklin Prescriptions, Inc. v. New York Times*

---

[5] Fendrick also argues that the District Court erred by effectively giving PPL two extra peremptory strikes. This argument is premised on the notion that the District Court erred in striking for cause the two jurors already discussed above. Because we find that the District Court did not so err, we need not reach this argument.

6

*Co.*, 424 F.3d 336, 341 (3d Cir. 2005) (quoting *Fashauer v. N. J. Transit Rail Operations*, Inc., 57 F.3d 1269, 1289 (3d Cir. 1995)).

Viewed in isolation, the portion of the District Court's instruction quoted above was erroneous. However, reading the quoted portion in context and viewing the District Court's retaliation instruction as a whole reveals no plain error. The District Court began its retaliation instruction as follows: "In order to prevail on this [retaliation] claim Mr. Fendrick must prove each of the following elements by a preponderance of the evidence. First, that he engaged in conduct protected by the Americans with Disabilities Act. Second, that he was subjected to an adverse employment action at that time or after the protected conduct took place. And third, PPL – PPL took the adverse employment action against Mr. Fendrick because of his protected conduct." This is a correct statement of the elements of the ADA's retaliation cause of action. *Krouse*, 126 F.3d at 500. After providing this correct instruction, the District Court went on to explain that a retaliation claim is evaluated using a burden-shifting framework; in explaining the burden-shifting framework, the District Court restated the elements of a retaliation claim, but in so doing, replaced its correct statement of the first element – protected conduct – with an incorrect statement of job qualification as the first element[6]. Bearing in mind that the District

---

[6] The relevant portion of the District Court's burden-shifting instruction reads as follows: "Now, because this is a retaliation claim, there is a burden shifting process which must go on. And I'm going to now instruct you on this burden shifting process. To recover against PPL for retaliation, Mr. Fendrick has the burden of proving all of the elements as follows: That he was qualified to perform the job, that he was subjected to an adverse employment action at that time or after the protected conduct took place[,] [a]nd that PPL took adverse employment action

Court had already correctly instructed the jury on the elements of the ADA retaliation cause of action and was simply restating the elements as part of its explanation of the burden-shifting framework when it accidentally transposed an element from a related cause of action, we think a reasonable jury might, indeed, have recognized that the court's restatement contained the verbal equivalent of a typographical error. We are not, therefore, prepared to say that the erroneous formulation was so clearly prejudicial to Fendrick as to amount to plain error.

Fendrick's final contention on appeal is that the District Court erred by instructing the jury that good faith is a defense to a failure-to-accommodate claim. Fendrick asserts that good faith is not a defense to a failure to accommodate. Fendrick is wrong. 42 U.S.C. § 1981a(a)(3) states, in relevant part, that "[i]n cases where a discriminatory practice involves the provision of a reasonable accommodation pursuant to section 102(b)(5) of the Americans with Disabilities Act . . . damages may not be awarded under this section where the covered entity demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that accommodation is needed, to identify and make a reasonable accommodation that would provide such individual with an equally effective opportunity and would not cause an undue hardship on the operation of the business." Good faith is thus a defense to a failure-to-accommodate claim, at least insofar as monetary damages are sought in connection with

_____

because he engaged in the protected conduct."

8

such a claim.  Moreover, even if the District Court's instruction as to good faith were deemed to be in error, the error would have been harmless, since the jury, having found that Fendrick failed to show a failure to accommodate, had no occasion to consider the good faith defense.  Fendrick has thus shown no reversible error in the District Court's jury instruction on accommodation.

For the foregoing reasons, we will affirm.