NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4318
_____

LIUDMILA MURAVEVA;
CLAYTON SMITH

v.

SHAWN A. TOFFOLI;
JAMES STEVENS;
CITY OF WILDWOOD POLICE DEPARTMENT;
CITY OF WILDWOOD POLICE OFFICERS UNKNOWN 1-10;
CITY OF WILDWOOD

Liudmila Muraveva,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-13-cv-04665
Trial Judge: The Honorable Joel Schneider

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 25, 2017

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*

(Filed: September 26, 2017)

_____

OPINION[*]

_____

SMITH, *Chief Judge*.

On the evening of August 5, 2011, during an encounter with police in the street outside her home, Liudmila Muraveva was arrested for disorderly conduct in violation of N.J. Stat. Ann. § 2C:33-2a(1).[1] She later sued the arresting officer, Shawn Toffoli, for false arrest pursuant to 42 U.S.C. § 1983.[2] The central issue at trial was whether Toffoli had probable cause for the arrest.

The circumstances of the arrest were highly contested. Toffoli testified that Muraveva pursued him into the street while intensely screaming, cursing, yelling, and flailing her arms, and would not respond to the officers' attempts to de-escalate the situation, while people nearby watched. J.A. 227–30. The second officer at the scene, James Stevens, similarly testified that Muraveva followed the officers to their car while yelling, screaming, cursing, and telling them to get off the block, while people in a nearby building watched from the balcony. J.A. 200, 204. Stevens also testified that

[*]This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] N.J. Stat. Ann. § 2C:33-2a(1) provides: "A person is guilty of a petty disorderly persons offense, if with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof he [e]ngages in fighting or threatening, or in violent or tumultuous behavior."

[2] Muraveva's complaint named additional defendants and included additional claims, but they are not relevant to this appeal.

Muraveva's behavior interfered with the investigation that the officers were attempting to conduct. J.A. 207. Muraveva, in contrast, testified that she approached Toffoli simply to speak with him, without shouting or cursing, and was immediately arrested. J.A. 104–05.

After the three-day trial was complete, the jury returned a verdict in favor of Toffoli. The District Court entered judgment, and Muraveva filed this timely appeal.[3]

## I.

Muraveva contends that the District Court did not properly instruct the jury as to whether Toffoli had probable cause to arrest her. We exercise plenary review over the jury instructions to determine whether they correctly stated the applicable law; absent a misstatement of the law, we review them for abuse of discretion. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 361 (3d Cir. 1999).

Muraveva's arguments are not entirely clear, but we perceive two: (1) that the District Court should have instructed the jury that conduct, as well as speech, is protected by the First Amendment; and (2) that the jury instructions improperly permitted the jury to consider testimony concerning Muraveva's alleged interference with police duties. We consider each argument in turn.

## A.

Muraveva contends that the District Court's instruction about probable cause "allowed the jury to distinguish between her conduct and her speech in an impermissible

---

[3] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

3

way" and the jury therefore was permitted "to consider conduct and behavior which the State is not allowed to proscribe under the First Amendment." Appellant Br. at 24. Because Muraveva does not dispute that the District Court properly advised the jury about the contours of protected speech, we understand her to claim that the District Court should have included additional instructions to advise the jury that conduct also may be protected under the First Amendment and, if protected, may not give rise to probable cause for an arrest.[4]

Conduct is protected by the First Amendment "when 'the nature of [the] activity, combined with the factual context and environment in which it was undertaken,' shows

---

[4] The District Court instructed the jury that

> [S]pecial rules apply to determining whether probable cause exists when spoken words are involved. . . .

> The only category of spoken words that can support a probable cause finding of disorderly conduct in this case is the category known as "fighting words." These are words which by their very utterance inflict injury or tend to incite an immediate breach of the peace, in other words, language that is directed to inciting or producing imminent, lawless action and is likely to incite or produce such action. Even profane words, unaccompanied by violent arousal, are not "fighting words" and are, therefore, protected speech.

> Thus, in examining whether probable cause existed for plaintiff's arrest, it is important that you distinguish between plaintiff's conduct or behavior and the language plaintiff used. Plaintiff's language may only be used to support a probable cause finding if it fits into the narrow category I just described. Otherwise, plaintiff's speech is protected and may not be relied upon to support a probable cause finding.

J.A. 307–08. This is a correct statement of the applicable law. *See*, *e.g.*, *Gilles v. Davis*, 427 F.3d 197, 204 (3d Cir. 2005) (a statute prohibiting disorderly conduct may not punish protected speech, but may prohibit fighting words).

4

that the 'activity was sufficiently imbued with elements of communication to fall within the [First Amendment's] scope.'" *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 158 (3d Cir. 2002) (alteration in original) (quoting *Spence v. Washington*, 418 U.S. 405, 409–10 (1974)).  It is the obligation of the person wishing to engage in expressive conduct to show that the First Amendment applies. *Id.* at 161 (quoting *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984)).

Muraveva does not point us to any evidence demonstrating that she engaged in expressive conduct, and we are aware of none.  Based upon our review, it appears that the only evidence of Muraveva's conduct presented to the jury—apart from testimony concerning Muraveva's words and tone of voice—was Toffoli's testimony that Muraveva followed the police officers into the street while "flailing her arms." J.A. 229.

The record provides, and Muraveva offers, no basis for concluding that following the officers and flailing her arms, without more, constitutes expressive conduct warranting constitutional protection.  Because no evidence of expressive conduct was put forth, we conclude that the District Court did not abuse its discretion in declining to instruct the jury in that regard.[5] *See United States v. Hoffecker*, 530 F.3d 137, 156 (3d

---

[5] To the extent Muraveva implies that all conduct is protected by the First Amendment unless it is directed to inciting or producing imminent lawless action, she is incorrect.  As the Supreme Court has stated, "[w]e cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *United States v. O'Brien*, 391 U.S. 367, 376 (1968). Accordingly, conduct may only constitute speech protected by the First Amendment if "[a]n attempt to convey a particularized message was present, and . . . the likelihood was great that the message would be understood by those who viewed it." *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (alteration in original) (citation and internal quotation marks

Cir. 2008) (no abuse of discretion where there is no evidentiary support for instruction).

B.

Muraveva next argues that the District Court improperly advised the jury that it could consider Toffoli's testimony that she prevented him from performing police duties.[6] As she correctly observes, preventing a police officer from performing his duties is not an element of the disorderly conduct statute under New Jersey law. *See State v. Stampone*, 775 A.2d 193, 197 (N.J. Super. Ct. App. Div. 2001).

We conclude that the District Court properly advised the jury of the applicable law. The District Court did not advise the jury that interference with a police officer's duties is an element of the offense, but rather, correctly instructed the jury that one element of the offense is "tumultuous behavior." *Id.* ("[I]n order to successfully convict an accused of disorderly conduct the State must prove beyond a reasonable doubt that the defendant caused public inconvenience, public annoyance or public alarm, or a reckless risk thereof, by fighting, threatening, violent or tumultuous conduct. . . ."). New Jersey courts have not defined that phrase. *Id.* The District Court advised the jury that, in

_____

omitted). For that reason, we reject Muraveva's claim that N.J. Stat. Ann. § 2C:33-2a(1) is unconstitutional as applied to her on grounds that the "totality of Muraveva's speech and behavior," Appellant Br. at 14, is protected under the First Amendment.

[6] Although Muraveva objected to various aspects of the jury instructions, she did not raise this particular objection with the District Court. Ordinarily, therefore, we would review the instruction for plain error. *See* Fed. R. Civ. P. 51(d)(2); *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 424 F.3d 336, 340 (3d Cir. 2005). Here, however, Toffoli notified the District Court of this issue, and the District Court considered it. *See* J.A. 300–01. Given this unusual circumstance, we will treat the objection as if it was properly preserved and review it for abuse of discretion.

6

determining whether Toffoli had probable cause to arrest Muraveva for behavior that was "tumultuous," it was to "consider the totality of the circumstances Officer Toffoli faced." J.A. 305. The District Court then referred to various aspects of Muraveva's behavior to which Toffoli had testified, including her interference with police work. J.A. 306.

Particularly given the absence of guidance from the New Jersey courts, we see no abuse of discretion in the District Court's guidance to the jury to consider the totality of the circumstances in assessing whether Muraveva's behavior was "tumultuous." *See Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000) (probable cause must be approached with common sense, based on the totality of the circumstances).

## II.

Next, Muraveva claims that the evidence does not support the existence of probable cause and that the District Court therefore erred in denying her motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. A motion for judgment as a matter of law "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Avaya Inc., R.P. v. Telecom Labs, Inc.*, 838 F.3d 354, 373 (3d Cir. 2016) (internal quotation marks omitted) (quoting *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993)). Such a motion should be granted only sparingly. *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

Viewing the evidence in the light most favorable to Toffoli, there was evidence

7

that Muraveva was screaming, flailing her arms, following the police officers into the street, engaging with them rather than responding to their efforts to de-escalate the situation, interfering with their investigation, and attracting the attention of bystanders in a public area. Giving that evidence the advantage of all fair and reasonable inferences, we conclude that it was sufficient for a jury to reasonably conclude that Toffoli had probable cause to arrest Muraveva for disorderly conduct.

III.

Finally, Muraveva contests the District Court's decision to award summary judgment to Toffoli on Muraveva's demand for punitive damages. We review this issue de novo. *See Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 207 (3d Cir. 1996).

According to the District Court's oral ruling on summary judgment, there was no evidence of "willfulness, bad faith, egregious conduct, et cetera" that would warrant the imposition of punitive damages, so the issue was not appropriate for submission to the jury. J.A. 4. Muraveva contends, without citing to evidence to support her position, that the District Court erred because "Toffoli's conduct met the minimum 'callous' standard at least" on the basis that "his arrest of Muraveva showed a lack of respect for her rights as an individual under the protection of the First Amendment." Appellant Br. at 27.

To be awarded punitive damages under New Jersey law, a plaintiff must demonstrate that the defendant's conduct was "wantonly reckless or malicious." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1192 (3d Cir. 1993). Muraveva's bare contention that there was evidence of a "lack of respect for her rights" does not satisfy

8

this standard. We agree with the District Court's assessment that the record was devoid of evidence that could warrant the imposition of punitive damages and that the issue therefore was not appropriate for the jury.

## IV.

For all of the foregoing reasons, we will affirm the judgment of the District Court.