NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2955
_____

LANCE YARUS, D.O.,
                                        Appellant
v.

WALGREEN CO.;
WALGREEN EASTERN CO., INC.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2:14-cv-01656)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 16, 2018
_____

Before: GREENAWAY, JR., RENDELL, and FUENTES, *Circuit Judges*.

(Opinion Filed: June 13, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Dr. Lance Yarus appeals the District Court's grant of summary judgment in favor of appellees Walgreen Co. and Walgreen Eastern Co. Inc. (hereinafter "Walgreens"). He contends that the District Court's jury instructions and verdict sheet in this defamation suit were erroneous, warranting a new trial. He also argues that the District Court erred by finding that his claims relating to two alleged defamatory statements were time-barred by Pennsylvania's one-year statute of limitations. For the reasons below, we will affirm the District Court's rulings and orders.

I. **FACTS**

Dr. Yarus is an orthopedic surgeon. He brought this defamation suit in the Philadelphia Court of Common Pleas on November 26, 2013, alleging that Walgreens's internal computer system, which provides pharmacists with information on prescribing physicians, contained the comment that he was "under investigation by the [Drug Enforcement Administration ("DEA")]," and that certain Walgreens pharmacists repeated this statement to his patients on five occasions. App. 6.

First, on May 1, 2009, Caroline Bailey—a patient of Dr. Yarus—went to Walgreens and was informed by an unidentified pharmacist that Dr. Yarus was under investigation by the DEA. Later that month, Dr. Yarus informed his then-counsel, Linda Shick, of the incident and told her that the Walgreens pharmacist would not fill the prescriptions that he had prescribed. Shick subsequently wrote a letter to Walgreens about the incident and discussed the matter with Walgreens's then-counsel, who told her that "the 'remark' [on

2

the prescriber profile] . . . that Dr. Yarus was under investigation by the [DEA] . . . had been removed from the Walgreens' computer . . . ." App. 8.

Second, on July 23, 2010, another pharmacist at Walgreens refused to fill prescriptions for two of Dr. Yarus's patients. Dr. Yarus contends that a handwritten note recorded by one of Walgreens's employees memorialized the conversation. **Id.** Shick then wrote an e-mail to another of Walgreens's counsel, Brett Stacey, to advise him of the incident. Stacey replied with an e-mail stating that "I have confirmed all comments have been removed." App. 9.

Third, on March 23, 2013, pharmacist Aunnee Loi refused to fill the prescription of another patient of Dr. Yarus, Damien Zajac. According to Zajac, Loi stated that "Dr. Yarus is an irresponsible doctor who just writes scripts and probably does very little treating." App. 10. Fourth, Dr. Yarus contends that there was a publication of the defamatory statements on June 13, 2013.

Finally, on December 20, 2013, another Walgreens pharmacist refused to fill a prescription for another patient, Karen Gondos. According to Gondos, during her deposition, the pharmacist told her that:

> We don't fill this doctor's prescriptions . . . there was just nobody going to fill it in the area – no chain stores like Walgreen[s], CVS, Rite Aid. Nobody in the area fills his prescription. They feel he passes out too many pain pills . . . I'm not going to tell you that anybody is looking at him. But the DEA wants us to report all prescriptions with him. We can't fill anything until we call him or he has to call us.

App. 10-11.

3

Walgreens removed the action to the United States District Court for the Eastern District of Pennsylvania. Walgreens then moved for summary judgment, which the District Court granted in part and denied in part. The District Court granted summary judgment on all claims relating to the June 13, 2013 incident, finding that "[t]here is no evidence in the record about that day."[1] App. 10. It also held that the defamation claims relating to the May 1, 2009 and July 23, 2010 incidents were time-barred by Pennsylvania's one-year statute of limitations. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 5523(1). However, the District Court denied summary judgment as to the claims arising from the March 23, 2013 and the December 20, 2013 incidents. It found that the alleged statements from those incidents were capable of defamatory meaning, and that there was a genuine dispute of material fact as to whether Zajac and Gondos understood their defamatory connotation.

At trial, and regarding the March 23, 2013 incident, the District Court formulated a question in its jury verdict sheet as follows:

> If you have found that on March 23, 2013, Walgreen[s] pharmacist Aunnee Loi made a comment to patient Damien Zajac pertaining to plaintiff, do you find that plaintiff Lance Yarus has proven by a preponderance of the evidence that the comment constituted a false statement of fact, rather than a statement of opinion.

App. 236a (Jury Verdict Sheet). Dr. Yarus did not object to this formulation. The District Court proffered a similar question on the jury verdict sheet regarding the December 20, 2013 incident:

> If you have found that a comment to patient Karen Gondos pertaining to plaintiff was made on either December 20, 2013

---

[1] Dr. Yarus does not challenge this holding on appeal.

4

by Walgreen[s] pharmacist Abby Rosina . . . do you find that plaintiff Lance Yarus has proven by a preponderance of the evidence that the statement constituted a false statement of fact, rather than a statement of opinion.

App. 238a. Dr. Yarus also did not object to this question. At trial, Walgreens's primary theory of the case was that its pharmacists did not utter the alleged defamatory statements. The jury ultimately found for Walgreens, and returned a verdict against Dr. Yarus on both defamation claims. He timely appealed.

## II. <u>DISCUSSION</u>[2]

On appeal, Dr. Yarus raises several objections to the District Court's jury instructions and verdict sheet, as well as to its decision to grant summary judgment on his defamation claims relating to the May 1, 2009 and July 23, 2010 incidents. We will affirm the District Court's rulings and orders.

### A. <u>JURY INSTRUCTIONS</u>

On appeal, Dr. Yarus objects to the District Court's decision to have the jury determine whether the alleged false statements were false statements of fact rather than statements of opinion. Indeed, Dr. Yarus is correct that "[w]hether a particular statement is opinion or fact is a question of law for the trial court." *Green v. Mizner*, 692 A.2d 169, 174 (Pa. Super. Ct. 1997). He also contends that the jury instructions placed the burden on him to prove falsity of the defamatory statement. However, because he did not object to the instructions below, we must review the District Court's decision for plain error. *See*

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332(a), and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

5

Fed. R. Civ. P. 51(d)(1)(A) ("[A] party may assign as error: . . . an error in an instruction actually given, *if that party properly objected*" (emphasis added)). Under this standard, "we will reverse the trial court only where a plain error was 'fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice.'" *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 424 F.3d 336, 339 (3d Cir. 2005) (quoting *Ryder v. Westinghouse Elec. Corp.,* 128 F.3d 128, 136 (3d Cir. 1997)).

Although the questions in the verdict sheet were legally incorrect, their inclusion as instructions to the jury did not constitute plain error. *See Fashauer v. N.J. Transit Rail Operations, Inc.*, 57 F.3d 1269, 1288–89 (3d Cir. 1995) (incorrect instruction as to burden of proof in a civil case not plainly erroneous); *Dunn v. HOVIC*, 1 F.3d 1371, 1378 (3d Cir. 1993) (declining to consider whether jury instruction was defective under Virgin Islands law because "th[e] issue was not properly preserved for appeal under Federal Rule of Civil Procedure 51"). We have stated:

> [W]hile ordinarily an [i]ncorrect jury instruction as to burden of proof is fundamental and highly prejudicial and requires a new trial, that principle assumes that the issue properly has been preserved for appeal. . . .
>
> We repeatedly have stressed the important policy objectives served by Rule 51. The rule affords the trial judge an opportunity to correct any error that may have been made in the charge before the jury begins its deliberations. It also lessen[s] the burden on appellate courts by diminishing the number of rulings at the trial which they may be called upon to review. Thus, Rule 51 is consistent with the general rule that an appellate court will not predicate error on an issue upon which the district court was not provided with an opportunity to rule. We have followed this proposition strictly, and have

> refused to consider newly developed arguments[s] concerning [a] jury charge deficiency.

*Fashauer*, 57 F.3d at 1288–89 (internal quotation marks and citations omitted). We therefore decline to grant Dr. Yarus relief because the flaws in the jury verdict sheet did not amount to plain error.[3]

## B. WEIGHT OF THE EVIDENCE

Dr. Yarus argues that he should be afforded a new trial because the weight of the evidence provides that he clearly met his burden to prove that the alleged statements were a false statement of fact and not an opinion. "[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991). Here, the Walgreens pharmacists who allegedly made the defamatory comments testified that they did not do so, thereby creating a genuine dispute of material fact as to whether the alleged statements were actionable to begin with, and which the jury

---

[3] Dr. Yarus also contends that the jury instructions were erroneously confusing because a reviewing court is unable "to determine if the jury found that Plaintiff failed to prove that the Pharmacists made false statements of fact to Plaintiff's patients . . . or whether the jury found that their statements were protected opinion . . ." Appellant Br. at 44. Assuming arguendo that this was error, it was harmless because either finding would compel the jury to find for Walgreens. *See Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 411 (3d Cir. 2006) (error in jury instruction harmless if "the error did not affect the outcome of the case" (quoting *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005))).

7

resolved as reflected in its verdict. The result therefore did not "shock [the] conscience" and was not against the weight of the evidence.[4] *Id.*

## C. BURDEN OF PROOF

"Truth is an affirmative defense under Pennsylvania law." *Tucker v. Fischbein*, 237 F.3d 275, 287 (3d Cir. 2001) (citing 42 Pa. Stat. and Cons. Stat. Ann. § 8343(b)(1)). On appeal, Dr. Yarus contends that the District Court erred by refusing to give an instruction that Walgreens had the burden of proving truth – according to him, this omission implicitly led to requiring him to prove falsity of the defamatory statement. However, we apply plain error review because Dr. Yarus did not make an objection to the District Court, thereby waiving his right to assign error on appeal. *See* Fed. R. Civ. P. 51(d)(1)(B) ("A party may assign as error: . . . a failure to give an instruction, if that party properly requested it and— unless the court rejected the request in a definitive ruling on the record—*also properly objected*." (emphasis added)). Here, Walgreens did not substantially advance at trial the theory that Dr. Yarus was actually being investigated by the DEA – rather, its primary theory was that the alleged defamatory statements were never spoken. The instruction was therefore unnecessary and its omission had no effect on the burden of proof – indeed, its excision was far from plain error. *See United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994) (plain error in jury instruction occurs when error "affected the outcome of the District Court proceedings" (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993))).

---

[4] On appeal, Dr. Yarus included an alleged copy of the jury verdict sheet answered by the jury which purports that the jury found that the pharmacists made the comments in question. However, we decline to credit this alleged copy as evidence of the jury's findings because it is neither signed nor dated by the jury foreperson.

8

**D. STATUTE OF LIMITATIONS**

Finally, Dr. Yarus argues that the District Court erred in holding that the defamation claims relating to the May 1, 2009 and July 23, 2010 incidents were time-barred by Pennsylvania's one-year statute of limitations. According to him, the limitations period was tolled by the doctrine of fraudulent concealment because Walgreens's counsel's reassurance that the remarks on his prescriber profile had been removed "caused [Dr. Yarus] to relax his vigilance" and therefore prevented him from learning about the subsequent defamatory statements. Appellant Br. at 47. "[W]e employ a plenary standard in reviewing orders entered on motions for summary judgment, applying the same standard as the district court." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).

We find this argument to be specious. Here, Dr. Yarus's complaint is clear that his counsel wrote to Walgreens about the May 1, 2009 comment on May 7, 2009, and about the May 23, 2010 comment on July 26, 2010. By his own admission, Dr. Yarus was aware of the alleged defamatory comments on these dates, meaning that the statute of limitations would have expired at the latest on May 7, 2010 and July 26, 2011, respectively. Dr. Yarus did not commence this action until November 26, 2013, or well outside the one-year limitations period. We therefore will affirm the District Court's grant of summary judgment.

**III. CONCLUSION**

For the aforementioned reasons, we will affirm the District Court's rulings and orders.

9