**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2521
_____

STANLEY POSTELL,
                                    Appellant

v.

TALIBA BRADLEY, Correctional Officer; JOBISH JOHN, Former Correctional
Officer; TAMIKA BEST, Correctional Officer
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:14-cv-01767)
Magistrate Judge:  Honorable David R. Strawbridge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2019

Before:  CHAGARES, BIBAS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Stanley Postell appeals pro se from the District Court's judgment entered after a jury trial in this civil rights action brought by Postell pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2014, while Postell was a pretrial detainee at the Philadelphia Industrial Correctional Center, he was assaulted by fellow inmates. Postell later brought this lawsuit against the three correctional officers who were on duty at the time (Taliba Bradley, Jobish John, and Tamika Best), claiming that they had been deliberately indifferent to his safety.[1] The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case proceeded to trial, where Postell was represented by court-appointed attorneys from Dechert LLP. The evidence at trial showed that John and Best did not witness the assault, that Bradley witnessed only the final punch, and that Bradley then immediately intervened. After deliberating for less than an hour, the jury returned a verdict in favor of the defendants. This timely appeal followed.[2]

---

[1] Postell's cellblock was a two-level unit that was "open" (inmates could freely leave their cells) and housed 100 inmates. Bradley and John were stationed in the cellblock itself, while Best was located in an observation room that monitored this cellblock and two others. Although Best had access to live feeds from the various surveillance cameras in the three cellblocks, not all of the feeds could be viewed simultaneously.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

2

II.

Postell's opening brief consists of only a few sentences. Attached to that brief is a list, about one page in length, that identifies 10 issues that he wishes to raise on appeal. Neither the brief nor the list contains any citations to the record or to any legal authority. There is a compelling argument that these filings have failed to preserve any issues for appellate review. See, e.g., Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks omitted)); Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) ("To be preserved, all arguments must be supported specifically by 'the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" (quoting Fed. R. App. P. 28(a)(8)(A))). But even if we were to conclude that Postell has *not* forfeited his issues due to insufficient briefing, we would conclude that they have been forfeited for other reasons. We discuss those other reasons in the remainder of this opinion.

Four of Postell's issues (identified in his list as Issues 2, 3, 9, and 10) essentially concern the sufficiency and/or weight of the evidence at trial. Postell cannot pursue these issues on appeal, for he did not move for judgment as a matter of law at the close of the evidence or file a post-verdict motion. See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006) ("[A] party is not entitled to pursue a new trial on appeal

3

unless that party makes an appropriate postverdict motion in the district court.");[3] Green-leaf v. Garlock, Inc., 174 F.3d 352, 364-65 (3d Cir. 1999) (indicating that a party's failure to move for judgment as a matter of law operates as a forfeiture of his right to raise a sufficiency-of-the-evidence claim on appeal); United States v. Grubbs, 506 F.3d 434, 443 (6th Cir. 2007) ("[Appellant] has [forfeited] the argument that he is entitled to a new trial based on the verdict being against the weight of the evidence, because he did not present this argument to the district court."). Two other issues (Issues 4 and 6) concern evidentiary matters, but those issues are not reviewable on appeal either, for Postell's counsel did not preserve them at trial. See Fed. R. Evid. 103(a).[4]

---

[3] "*Unitherm* does not bar properly preserved claims of error that do not challenge the sufficiency of the evidence." Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 160 (4th Cir. 2012); see Pediatrix Screening, Inc. v. TeleChem Int'l, Inc., 602 F.3d 541, 547 & n.10 (3d Cir. 2010), overruled on other grounds by Ortiz v. Jordan, 562 U.S. 180 (2011).

[4] Although we have the discretion to review an unpreserved evidentiary issue for plain error, see Fed. R. Evid. 103(e), that review "should be exercised sparingly" and "should only be invoked with extreme caution in the civil context," Franklin Prescriptions, Inc. v. N.Y. Times Co., 424 F.3d 336, 341 (3d Cir. 2005) (quoting Fashauer v. N.J. Transit Rail Operations, Inc., 57 F.3d 1269, 1289 (3d Cir. 1995))). "Under the discretionary plain error standard, we will reverse the trial court only where a plain error was fundamental and highly prejudicial, such that . . . our refusal to consider the issue would result in a miscarriage of justice." Id. at 339 (internal quotation marks omitted)). Here, we cannot conclude that our refusal to consider Issues 4 and 6 would result in a miscarriage of justice. Issue 4 claims that the Magistrate Judge erred by not allowing the admission of Postell's medical records and "evidence that would have proved defend[a]n[t] Best was indeed not being truthful on the stand when she stated she did not know how to work the cameras [in the observation room]." (Attach. to Appellant's Opening Br.) But this claim is not supported by the record, as it does not appear that Postell attempted to admit either of these types of evidence. In any event, Postell has not demonstrated that the introduction of such evidence — evidence that he does not describe in any detail — would have affected the outcome of the trial. Similarly, in Issue 6, which concerns Postell's mother's trial testimony that she had not seen him in almost three years, he has not established that this testimony affected the outcome of the trial.

Another issue (Issue 8) contends that the individual who ultimately served as the jury's foreperson should have been excused during voir dire based on his response to one of the Magistrate Judge's questions. This issue has been forfeited because Postell's counsel did not object to the seating of that juror. See Dawson v. Wal-Mart Stores, Inc., 978 F.2d 205, 209 (5th Cir. 1992) (collecting cases for the proposition that, "[w]hen the basis for challenge to a juror is timely shown, the failure to object constitutes a [forfeiture] of the right to attack the composition of the jury"); see also Tri-M Group, LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011) ("It is axiomatic that arguments asserted for the first time on appeal are deemed to be [forfeited] and consequently are not susceptible to review in this Court absent exceptional circumstances.").[5] Issue 1, meanwhile, attacks the content of the District Court's jury instruction on deliberate indifference. Postell has also forfeited this issue, for the language in this jury instruction was materially identical to the language proposed by Postell's counsel. See United States v. Holmes, 607 F.3d 332, 335 (3d Cir. 2010) (concluding that the invited-error doctrine barred the appellant from challenging a jury instruction that he himself had proposed).[6]

---

[5] Postell claims that the foreperson indicated during voir dire that he would tend to find a correctional officer more believable than an inmate. But this claim is at odds with the record. The transcript of the voir dire proceeding shows that the only venireperson who indicated that a correctional officer would be viewed as more believable than an inmate was, in fact, excluded from the jury. (See N.T., June 6, 2018, at 34, 43-45.)

[6] "Where a defendant submits proposed jury instructions in reliance on current law, and on direct appeal that law is declared constitutionally infirm, we will not apply the invited error doctrine." United States v. West Indies Transport, Inc., 127 F.3d 299, 305 (3d Cir. 1997). But that situation is not present here.

5

The last two issues (Issues 5 and 7) concern trial-management matters.  Issue 5 concerns the law enforcement officers who were guarding Postell in the courtroom during the trial.[7]  Postell claims that the officers were sitting directly behind him, and that, at one point, one of the officers "got up and left the court room exposing his uniform pants and uniform shoes to the jury."  (Attach. to Appellant's Opening Br.)  These claims are not supported by the trial transcript and, in any event, they have been forfeited because Postell's counsel did not raise them at trial.  See Tri-M Group, LLC, 638 F.3d at 416.[8]  Issue 7 has been forfeited, too, for his counsel did not object to the fact that the Magistrate Judge collected the jurors' cell phones before they began their deliberations.  See id.

---

[7] As noted above, Postell was a pretrial detainee when his fellow inmates assaulted him. A Pennsylvania court later convicted him of first-degree murder, and he was serving the sentence for that crime at the time of his civil trial.

[8] On the second day of the two-day trial, the law enforcement officers guarding Postell arrived in the courtroom in their uniforms.  Postell's counsel immediately raised concerns about this, and the Magistrate Judge addressed this issue by giving the officers jackets to cover up their uniforms.  Postell's counsel expressed his satisfaction with this arrangement. (See N.T., June 7, 2018, at 8, 13-14.)  But even if counsel had objected to this arrangement, Postell would not be able to show that the presence of the uniformed officers rendered his trial unfair.  See Holbrook v. Flynn, 475 U.S. 560, 570-72 (1986) (holding, in a criminal case, that the presence of four uniformed and armed state troopers in the courtroom did not violate the defendant's right to a fair trial); Sides v. Cherry, 609 F.3d 576, 581 n.2 (3d Cir. 2010) (indicating that due-process concerns are "weightier" in the criminal context than in the civil context); see also Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) ("[N]ot all security measures, even where they single out a party as potentially dangerous or a flight risk, are unconstitutionally prejudicial."); cf. Sides, 609 F.3d at 585-86 ("We recognize . . . that district courts have the weighty responsibility of ensuring the security of their courtrooms, and endorse their broad discretion in determining whether it is necessary to have a prisoner-party . . . physically restrained during a civil trial.").

Because Postell has forfeited all of the issues that he seeks to raise on appeal, we will affirm the District Court's judgment.